UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

S.Y.,

       Plaintiff,

v.                        Case No:  2:20-cv-627-JES-MRM

MARRIOTT    INTERNATIONAL,
INC.,  RESIDENCE  INN  BY
MARRIOTT, LLC, CSM RI NAPLES
LLC, and CSM CORPORATION,

       Defendants.

_____

### OPINION and ORDER

This matter comes before the Court on review of defendants CSM RI Naples LLC and CSM Corporation's Motion For Reconsideration On Motion to Dismiss (Doc. #69) As To Statute Of Limitations and Relation Back (Doc. #75) filed on June 16, 2021. Plaintiff filed a Response in Opposition (Doc. #79) on June 30, 2021.

### I.

Plaintiff S.Y. (Plaintiff) alleges that she was sexually trafficked at the Residence Inn in Naples, Florida between 2014 and February 2016, which resulted in various injuries and damages. (Doc. #1, ¶¶ 13, 136, 146, 150, 199, 218, 236.)  On October 30, 2019, Plaintiff and another alleged victim initially filed a Complaint in state court; the Complaint was later amended on December 31, 2019.  See S.Y. et al v. Naples Hotel Co. et al, Case No. 2:20-cv-118 (Doc. #1, p. 3). The First Amended Complaint

asserted ten claims against over forty defendants, including CSM RI Naples, LLC and CSM Corporation's franchisor, Marriott International, Inc.  Id. at (Doc. #1, pp. 2-4).  Plaintiff's case, however, was removed to federal court and she filed a Second Amended Complaint on April 15, 2020, which also named CSM RI Naples, LLC and CSM Corporation as defendants.  Id. at (Doc. #85).

The Court determined that severance of the parties was appropriate, S.Y. v. Naples Hotel Co., 476 F. Supp. 3d 1251, 1258-59 (M.D. Fla. 2020), and Plaintiff (and the other alleged victim) subsequently filed approximately thirty new actions against the various defendants, including this case. (Doc. #1.) Plaintiff's Complaint alleged the following claims against CSM RI Naples and CSM Corporation: violation of the Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA), 18 U.S.C. § 1595 (Count I); violation of the Florida RICO statute, § 772.104, Florida Statutes (Count II); premise liability (Count III); negligent hiring, supervision, and retention (Count IV); negligent rescue (Count V); and aiding and abetting (Count VI).

On September 25, 2020, defendants CSM RI Naples, LLC and CSM Corporation (Defendants) filed a motion to dismiss Plaintiff's Complaint, in which they argued among other things, that Counts III through VI were time-barred and should be dismissed. (Doc. #19, p. 13.)  Specifically, Defendants argued that because they were named in the action for the first time on April 15, 2020, the

four-year statute of limitations period under § 95.11(3)(a), Fla. Stat., had expired. (Id.) Defendants also filed a reply brief addressing the statute of limitations issue. (Doc. #43.)

On May 19, 2021, the Court issued an Order and Opinion (Doc. #69) denying Defendants' Motion to Dismiss.  With respect to dismissal of Counts III through VI, the Court concluded "[i]t is not apparent from the face of the Complaint that the claim is time-barred because the Court cannot determine that plaintiff's premise liability claim does not relate back to the First Amended Complaint or is not subject to statutory or equitable tolling." (Id., p. 28.) In reaching this conclusion, the Court noted that a statute of limitations bar is an affirmative defense that plaintiffs are not required to negate in their complaint. (Id., p. 26.) The Court also considered Plaintiff's argument that discovery could only reveal whether Count III through Count VI may relate back to December 2019 First Amended Complaint, since Defendants may have been notified by Marriot when the suit was originally filed. (Id., pp. 27-28.)

Pursuant to Federal Rules of Civil Procedure 59 and 60, Defendants now seek relief from, or amending, the Court's Opinion and Order (Doc. #69) ruling on their Motion to Dismiss. (Doc. #75, p. 1.)  Defendants argue that Plaintiff's claims against them are untimely since the relation back doctrine does not salvage a time-barred claim against newly added parties. (Doc. #75, p. 4.)

Defendants further argue that statutory and equitable tolling are not applicable to this case and therefore dismissal of Plaintiff's claims against them is appropriate. (Id., p. 8.)

For the reasons set forth below, the motion is denied.

## II.

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and may be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). "The courts have delineated three major grounds justifying reconsideration of such a decision: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).

"A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).  The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1073 (M.D. Fla. 1993); PaineWebber, 902 F. Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which

should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based. <u>Taylor Woodrow</u>, 814 F. Supp. at 1072-73.

"A motion for reconsideration does not provide an opportunity to simply reargue - or argue for the first time - an issue the Court has already determined.  Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." <u>Grey Oaks Cty. Club, Inc. v. Zurich Am. Ins. Co.</u>, No. 2:18-cv-639-FtM-99NPM, 2019 U.S. Dist. LEXIS 161559, at *5 (M.D. Fla. Sep. 23, 2019) (citing <u>Quaker Alloy Casting Co. v. Gulfco Indus., Inc.</u>, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (quotations omitted)). Reconsideration of a court's order "is an extraordinary remedy and a power to be 'used sparingly,'" <u>Santamaria v. Carrington Mortg. Servs., LLC</u>, 2019 U.S. Dist. LEXIS 129682, 2019 WL 3537150, *2 (M.D. Fla. July 10, 2019) (citation omitted), with the burden "upon the movant to establish the extraordinary circumstances supporting reconsideration." <u>Mannings v. Sch. Bd. of Hillsborough Cty., Fla.</u>, 149 F.R.D. 235, 235 (M.D. Fla. 1993). Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied.

## III.

### A. Relation Back Pursuant To Rule 15

In their Motion for Reconsideration, Defendants argue that even though the relation back doctrine may be utilized where a

plaintiff seeks to correct the name of the party, it cannot be used to add a new defendant. (Doc. #75, p. 4.) In relying upon Krupski v. Costa Crociere S.p.A., 560 U.S. 538 (2010)[1], Defendants note that this is not a matter where Plaintiff made a mistake by naming the incorrect parties and is now trying to cure the error. (Id., p. 5.) Rather, Defendants maintain that Plaintiff was well aware of a franchisor/franchisee relationship, as evidenced by her previous allegations that Marriot Hotels were acting "by and through their agents, servants, franchisees and/or employees . . . ," but simply chose not to file suit against Defendants. (Id., pp. 5-6.) Defendants also argue that whether they had prior knowledge of the First Amended Complaint is irrelevant because

---

[1] The Supreme Court noted in Krupski that "Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' . . . .") Krupski, 560 U.S. at 541. Particularly, Rule 15(c) states that when an amendment seeks to change a party against whom a claim is asserted, the amended pleading relates back where

> (1) the claim "arose out of the same conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading;" (2) the new party "received such notice of the action that it will not be prejudiced in defending on the merits;" (3) the party being added received such notice within the time period of Rule 4(m); and (4) the party being added "knew or should have known [within the Rule 4(m) time period] that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Harris v. Rambosk, No. 2:18-cv-17-FtM-29MRM, 2020 U.S. Dist. LEXIS 207068, at *7-8 (M.D. Fla. Nov. 5, 2020) (quoting Lindley v. City of Birmingham, Ala., 515 F. App'x 813, 815 (11th Cir. 2013)).

prior knowledge is only a material issue where Defendants are being substituted as a party. (Id., p. 6.) Defendants assert there is nothing in any prior complaint that would have served to put Defendants on notice that, but for an identity mistake, Plaintiff intended to sue them. (Id., pp. 6-7.) Finally, Defendants contend that although the statute of limitations is an affirmative defense, Plaintiff still bears the burden of proving that Rule 15(c) is satisfied. (Id., p. 7.)

In moving for reconsideration, Defendants do not identify new evidence, point to a change in controlling law, or show that reconsideration is needed to correct clear error or prevent manifest injustice. Sussman, 153 F.R.D. at 694. Defendants merely reiterate their arguments that the Court already considered in its May 2021 Opinion and Order, much of which go beyond consideration of the four corners of the Complaint[2] and are more properly considered on summary judgment. Because a motion for reconsideration is not an opportunity to simply reargue an issue the Court has already determined, Grey Oaks Cty. Club, No. 2019 U.S. Dist. LEXIS 161559, at *5, the Court denies Defendants' motion on this basis.

---

[2] For example, Defendants present arguments about whether Plaintiff was aware of the factual and legal difference between Marriot International, Inc., CSM RI Naples, and CSM Corporation, and whether Defendants were put on notice of the action. (Doc. #75, pp. 5-7.)

**B. Statutory and Equitable Tolling**

Next, Defendants argue that the Court *sua sponte* raised the issues of whether statutory and equitable tolling may apply to Count III through Count VI, neither of which are applicable. (Doc. #75, p. 10.) Defendants assert that it is clear on the face of the Complaint that it is not subject to any statutory tolling provisions, nor can Plaintiff carry her burden to establish that the equitable tolling doctrine applies. (Id., p. 12.)

While the arguments raised by Defendants may ultimately have merit, the Court made clear that from the face of the Complaint it was unable to determine whether Counts III through Count VI were barred by the statute of limitations. (Doc. #69, p. 28.) That has not changed. The Court therefore denies Defendants' motion for reconsideration.

Accordingly, it is hereby

**ORDERED:**

Defendants CSM RI Naples LLC and CSM Corporation's Motion For Reconsideration on Motion to Dismiss As to Statute of Limitations and Relation Back (Doc. #75) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___12th___ day of January, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record